IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARKEY KYON SMITH                                                                                    PLAINTIFF

v.                                        Case No. 4:24-cv-04047

CORRECTIONAL OFFICER OTTO
WARNER; and CORRECTIONAL
OFFICER PAIGE BETTS                                                                                DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with Court Orders and to prosecute this matter. On May 14, 2024, Plaintiff Markey Kyon Smith originally submitted this 42 U.S.C. § 1983 action *pro se* as part of a class action.[1] ECF No. 1. His Complaint was provisionally filed, and Plaintiff was directed to submit an application to proceed *in forma pauperis* ("IFP") and an amended complaint. ECF No. 3. Plaintiff's amended complaint and completed IFP application were both due on June 4, 2024. *Id*. Plaintiff failed to file either document.

On June 6, 2024, the Court entered an Order to Show Cause directing Plaintiff to show cause as to why he failed to follow the Court's May 14, 2024 Order and submit an amended complaint and IFP application. ECF No. 5. Plaintiff's response was due on June 27, 2024. *Id*. This Order to Show Cause was not returned as undeliverable mail and Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to

---

[1] *Pro se* prisoner plaintiffs are not suitably situated to represent a class of fellow prisoners in a class action. *See e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders.  Plaintiff never communicated with this Court after his case was initially filed despite two Court Orders to do so.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of July, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge